UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLYDE TINSLEY**                                                                                          **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO. 4:16CV-P27-JHM**

**HENDERSON COUNTY DETENTION CENTER**                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Clyde Tinsley filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The Court must conduct initial review of the action in accordance with 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening, for the reasons stated below, the Court will dismiss Plaintiff's claims against the named Defendants and allow him to amend the complaint.

### I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC). In the caption of the complaint, he names Henderson County Circuit Court as the only Defendant. In the portion of the complaint where Defendants are to be listed, he lists "Henderson County Jail" as the only Defendant. The Court presumes that the Henderson County Jail and HCDC are the same entity. The Court will construe the complaint as naming both Henderson County Circuit Court and HCDC as Defendants.

Plaintiff states that on October 8, 2015, he was "sitting in my car with keys in my pocket praying as I usually do the time was 7:00 P.M. at 601 Washington Street Henderson-Ky where I live." He states that a woman sitting on a porch made three phone calls and after the third call, he was surrounded by three Henderson police cruisers. According to the complaint, Plaintiff was

greeted by Lt. Pennaman and asked if he needed to go to the hospital to which Plaintiff responded that he did not. The complaint goes on to allege the following:

> Mr. Pennaman asked for my drivers license and I complied. The other 2 officers each gave me balloons after Lt. Pennaman asked me how much had I had to drink? I said sir I do not drink or use illegal drugs-I blew both balloons up and the 2 officers said he hasn't been drinking lets go, but the Lt. insisted they stay and gave 3 more balloons to blow up and tried for a 6th I told him I was out of breath. He then gave me the finger eye test 6 times before he started pulling my right eyelids apart & I felt a burning sensation and a hit in my right eye with that miniature flashlight and 5 months later I am almost blind in my right eye, it is sore and water runs from my eye constantly. I don't know if he had a foreign substance on his fingers or in a small bottle.
>
> I was not frisked nor was I read the Miranda rights. My civil right's was completely violated I was illegally arrested and have been falsely imprisoned for 5 months. They have no case against me and have been continuing those bogus charges since 10-22-2015. The next trial date is 4-14-2016.
>
> Please get me out of here.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of release from incarceration.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Henderson County Circuit Court

Plaintiff names the Henderson County Circuit Court as a Defendant. However, the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff's claims against the Henderson County Circuit Court for damages are barred by the Eleventh Amendment because they are actually claims against the state. *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Brand v. Hardin Cty. Det. Ctr.*, No. 3:16-CV-2-JHM, 2016 U.S. Dist. LEXIS 46289, at *7 (W.D. Ky. Apr. 4, 2016) (same); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.") (quoting Ky. Const. § 109); *Thornton v. Kentucky*, No. 4:06CV-46-M, 2007 U.S. Dist. LEXIS 41344, at *17 n.4 (W.D. Ky. 2007) (noting that Kentucky circuit courts are created by the Kentucky Constitution and compensation for circuit court judges is determined by the General Assembly and paid out of the State Treasury). Accordingly, Plaintiff's claims against the Henderson County Circuit Court for monetary damages are barred by the Eleventh Amendment and must be dismissed for seeking monetary relief from a Defendant immune from such relief.

Plaintiff also requests injunctive relief in the form of release from custody. However, release from custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though

such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff's § 1983 claim seeking release from confinement must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, because Plaintiff cannot recover monetary damages or the injunctive relief he seeks, all claims against the Henderson County Circuit Court must be dismissed.

To the extent that Plaintiff may wish to file a petition for a writ of habeas corpus seeking his release, the **Clerk of Court is DIRECTED** to send Plaintiff forms for filing a habeas action under 28 U.S.C. §§ 2241 and 2254. Plaintiff must determine which form meets his needs.

## B. HCDC

Plaintiff also sues HCDC. However, HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Henderson County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Henderson County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

The Court will therefore construe the claims against HCDC as claims against Henderson County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any individual acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates any of the alleged conduct occurred as a result of a policy or custom implemented or endorsed by

6

Henderson County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claims against HCDC must be dismissed for failure to state a claim upon which relief may be granted.

**C. Opportunity to amend**

Upon review of the complaint, the Court finds that Plaintiff has made allegations that may survive initial screening if he had sued the individuals who allegedly participated in the alleged conduct. Therefore, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged constitutional violations.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). **Plaintiff must sue any newly named Defendants in their individual capacities.**

Moreover, subsequent to filing the complaint, Plaintiff has filed fourteen letters (DNs 5, 6, 8, 9, 11, and 14-22) addressed to the undersigned. The Court has reviewed the letters and finds that they repeatedly reiterate the allegations made in the complaint. However, they also allege a litany of factual allegations not in the complaint. It is not clear whether Plaintiff is seeking to add claims and/or Defendants to his case. To the extent that he may wish to do so, the Court will also give Plaintiff one opportunity to file an amended **and include all Defendants, factual allegations, and claims he intends to assert in this action**. Plaintiff is instructed that the amended complaint will supersede the original complaint (DN 1) and any previous attempts he may have made to amend his complaint in the numerous letters he filed. He must therefore include all claims and Defendants he wishes to assert in this action.

7

The Court notes that Plaintiff filed a separate case against Craig Bolds, the City of Morganfield, Kentucky, and Union County concerning his arrests and prosecution in Union County and other matters.  *See* Civil Action No. 4:16CV-P26-JHM.  By separate Memorandum Opinion and Order, the Court has dismissed the action as barred by the statute of limitations.  The Court **INSTRUCTS** Plaintiff that he must not include allegations concerning the separate action in his amended complaint in the instant action.  Any claims raised in an amended complaint concerning the allegations raised in the separate action will be dismissed.

Furthermore, the Court **INSTRUCTS** Plaintiff that the proper method for seeking relief from the Court is through a written motion and not through letters addressed to the undersigned.  Furthermore, Plaintiff shall not continue to file documents repeating the allegations he has made in this action.  The Court addresses all matters in due course, and sending letters will in no way speed the adjudication of this matter.

The Court also must address one matter which Plaintiff raises repeatedly in his letters.  He indicates that the undersigned and/or this Court is representing him in his state-court criminal action or is in the process of prosecuting or investigating the judges and/or prosecutors involved in his criminal proceedings.  The Court **INSTRUCTS** Plaintiff that this Court is not and cannot represent him in his state-court criminal proceedings.  Moreover, this Court does not have the authority to investigate or prosecute the individuals about which he complains.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Henderson County Circuit Court and HCDC are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a

claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**. Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his claims and state specifically the factual allegations against them. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: August 31, 2016

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.010