UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLYDE TINSLEY**                                                                                              **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 4:16CV-P27-JHM**

**HENDERSON COUNTY DETENTION CENTER** *et al*.                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clyde Tinsley, a pretrial detainee at the Henderson County Detention Center (HCDC), filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The Court conducted initial screening of the action in accordance with 28 U.S.C. § 1915A and dismissed some of Plaintiff's claims. However, the Court found that Plaintiff had made allegations that may have survived initial screening if he had sued the individuals who allegedly participated in the alleged conduct. In addition, subsequent to filing the complaint, Plaintiff filed fourteen letters wherein he alleged a litany of factual allegations not in the complaint. Therefore, the Court gave Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged constitutional violations and to include all Defendants, factual allegations, and claims he intends to assert in this action. The Court instructed Plaintiff that the amended complaint would supersede the original complaint (DN 1) and any previous attempts he may have made to amend his complaint in the numerous letters he filed.

Plaintiff filed an amended complaint (DN 25), which is now before the Court. The Court will undertake initial screening of the amended complaint in accordance with § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening, for the reasons stated below, the

Court will allow Plaintiff's excessive force claim to proceed for further development and will dismiss Plaintiff's other claims.

## I. STATEMENT OF CLAIMS

In the amended complaint, Plaintiff sues Henderson County; D. Pennaman, whom he identifies as a police detective in Henderson, Kentucky; and Frank Akinson, whom he identifies as "H.C.C.D." in Henderson, Kentucky. He sues Defendants Pennaman and Akinson in their individual and official capacities.

Plaintiff states that on October 8, 2015,[1] he was sitting in his car praying when a woman came out of the building where he lives and made three telephone calls to the police. After the third call, he was surrounded by three Henderson police cruisers. He maintains that Defendant Pennaman greeted him and asked him if he wanted to go to the hospital, which Plaintiff declined. Plaintiff states that Defendant Pennaman asked for his driver's license, and he complied. Plaintiff asserts that his car was in park and his keys were in his pocket. The amended complaint alleges the following:

> Lt. D. Pennaman had both junior detectives to give me ballons to blow up, I did and both detectives said lets go he has not been drinking, then Mr. Pennaman gave me 3 more ballons to blow up, I blowed 3 more ballons up & he tried for a 6th & I said sir I am out of breath & I do not drink alcoholic beverages or use illegal drugs. Lt. Pennaman started pulling on my right eyelids & I felt a burning sensation as he put some type of foreign substance in my right eye tapped my eye with his miniature flashlight. Since 10-8-15 I am almost blind in my right eye which is very sore and runs water all the time.

Plaintiff states that he was taken to the hospital where he gave blood and urine samples. He states that after two hours at the hospital, a doctor shook his hand and informed him that his tests were negative and that the officer would take him home. Plaintiff states that he was instead taken to HCDC where he remains. Plaintiff further alleges:

---

[1] Plaintiff identifies this date in the amended complaint as October 8, 2016. However, it is clear from the amended complaint and previous filings by Plaintiff that the incident occurred in 2015.

> I was not frisked or searched by the Henderson Detectives at any time. Nor was I read my Miranda rights at any time. Upon entering the Henderson County Jail, I emptied my pockets into my cap. When Mr. Akinson & 3 other jail deputies in which 3 of the 4 deputies were very rude with the exception of Deputy Grendal was very polite. Two of the young jail deputies saw my M.S. Contin 100 mg & [illegible] Norco 10 mg in proper containers with my name on both bottles, started chanting party time. I had 54 Norcos & 46 M.S. Contin in my pocket the rest I left at home. Upon seeing my medication Mr. Akinson & Mr. Pennaman collaborated a trafficking charge & I have been here since after 10 jury trial continuances.

Plaintiff further states that he was put in an isolation cell by Defendant Akinson for ten days without his blood pressure medicine, which he is supposed to take twice daily. He also reports that he did not receive his pain medication for back and leg pain during this time.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A. Henderson County and official-capacity claims

Plaintiff names Henderson County in the amended complaint. He also sues Defendants Pennaman and Akinson in their official capacities. Official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Defendants Pennaman and

4

Akinson in their official capacities are construed as brought against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

However, as the Court explained in its Memorandum Opinion and Order upon initial screening, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege in the amended complaint that any individual acted pursuant to a municipal policy or custom in causing his alleged harm. He appears to allege occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the amended complaint demonstrates any of the alleged conduct occurred as a result of a policy or custom implemented or endorsed by Henderson County, the amended complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claims against HCDC and his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

**B. Claims regarding state charges**

Plaintiff claims that Defendants "collaborated a trafficking charge" against him, which the Court construes as a claim seeking to challenge his pending state-court charges. It is clear from the amended complaint that the state charges are still pending against him. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

The state has an important interest in adjudicating the criminal case. In light of the available avenues through which Plaintiff may raise a constitutional challenge in the pending case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interest at this time.[2] Therefore, *Younger* abstention is appropriate with respect to Plaintiff's claims. *Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it

---

[2] The Court notes that Plaintiff has a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 pending in this Court.

in deference to ongoing state criminal proceedings). Therefore, Plaintiff's claims that seek to challenge his state-court charges will be dismissed without prejudice.

**C. Claims for verbal abuse**

Plaintiff claims that upon his entry into HCDC that Defendant Akinson and other jail deputies were rude to him and taunted him. However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's claims alleging that Defendants were rude to him fail to state a claim upon which relief may be granted and will be dismissed.

**D. Claims concerning medical treatment**

Plaintiff asserts that after he entered HCDC he was put in an isolation cell for ten days without his blood pressure medicine or his pain medication for back and leg pain.

To establish an Eighth Amendment/Fourteenth Amendment[3] violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835

---

[3] "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). Since Plaintiff is a pretrial detainee, the Fourteenth Amendment applies to his claims. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment, and the same analysis applies to both. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

(1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

With regard to Plaintiff's claim that he did not receive his blood pressure medicine during this 10-day period, Plaintiff has not alleged that he suffered an injury or harm as a result of the failure to dispense his medication. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks*, 22 F.3d at 659; *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act (PLRA), lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e). In interpreting this statute in the context of prisoner complaints, courts have required that the

injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Because Plaintiff alleges no harm which resulted from not receiving his blood pressure medicine for a 10-day period, the allegation fails to state a claim and will be dismissed.

Moreover, Plaintiff's allegation that he was not given pain medication for a 10-day period likewise does not give rise to a constitutional claim. *See, e.g.*, *Warman v. Funk*, 119 F. App'x 789, 791 (7th Cir. 2004) (finding that a ten-day delay in filling a pain medication prescription did not establish deliberate indifference); *Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003). (holding that the plaintiff had failed to establish a constitutional violation where he suffered with a fractured bone for 23 days before he received any pain medication).

For these reasons, Plaintiff's claims that he was denied medical treatment will be dismissed for failure to state a claim upon which relief may be granted.

**E. Excessive force**

Plaintiff also alleges that Defendant Pennaman injured his eye during the course of his arrest resulting in loss of vision and pain in his right eye. The Court construes the claim as alleging excessive force during his arrest in violation of the Fourth Amendment. **Upon review, the Court will allow this claim to proceed for further development against Defendant Pennaman in his individual capacity**.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Henderson County, his official-capacity claims, his claims alleging verbal abuse, and his claims concerning his medical treatment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's claim challenging his state-court charges is **DIMISSED without prejudice** under the *Younger v. Harris* abstention doctrine.

As no claims remain against Defendants Henderson County and Akinson, the Clerk of Court is **DIRECTED** to terminate Defendants Henderson County and Akinson as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claim that has been permitted to proceed.

Date:   November 15, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.010