UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CLYDE TINSLEY                                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 4:16CV-P27-JHM

HENDERSON COUNTY DETENTION CENTER *et al*.                    DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff filed the instant *pro se* 42 U.S.C. § 1983 action alleging that Defendant D. Pennaman, a police officer, used excessive force against him in the course of his arrest. This matter is before the Court on a motion to compel discovery filed by Defendant, through counsel (DN 43). Defendant maintains that Plaintiff filed responses to his discovery requests but that the answers are unsigned and that "many of Plaintiff's responses are incomplete and/or unresponsive to the Interrogatory and/or Request made." Plaintiff did not file a response to the motion, and the time for doing so has passed. The Court concludes that it can rule on the instant motion without the benefit of a response by Plaintiff.

The Federal Rules of Civil Procedure authorize extremely broad discovery. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998); *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976). Therefore, Federal Rule of Civil Procedure 26 is to be liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indem.*, 88 F.R.D. 191 (S.D. Ohio 1980). Rule 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id*. Under Fed. R. Civ. P. 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel is authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

*Interrogatories*

Defendant's motion seeks to compel Plaintiff to respond to eight interrogatories.[1]

**INTERROGATORY NO. 4:** Please state the name, current address, current telephone number(s) and place(s) of employment of any person(s) who have any knowledge regarding any facts or opinions given in response to Interrogatory Nos. 2 through 3 above, and identify all documents which evidence said facts or opinions.

ANSWER: There was appx 15 witnesses that live at 601 Washington that verified these illegal + abusive activities. I have been falsely imprisoned from that brutal + excessive behavior since 10-8-2015 + am waiting to be released on my Writ of Habeas Corpus.

Defendant argues that if Plaintiff knows persons who may be witnesses to the alleged excessive-force incident, he must provide their names and contact information.

Upon review, the Court agrees that Plaintiff must provide the names of any and all persons whom he claims are witnesses to the subject incident. Therefore, Defendant's motion will be granted as to Interrogatory No. 4.

**INTERROGATORY NO. 8:** Please give a detailed account of your movements and activities in the twenty-four (24) hours prior to your arrest on October 8, 2015.

ANSWER: I am an elderly disabled individual and I spend the 24 hrs of any day praying, getting medical attention for my back + legs and just relaxing.

---

[1] To the extent that Defendant states that the deficient responses "include, but are not necessarily limited to," the responses listed in his motion, the Court will only address the responses raised in his motion. To the extent Defendant seeks to compel responses to other discovery requests, he may file a motion addressing those.

2

Defendant argues that the answer "is not responsive to the Interrogatory asked which is relevant to Plaintiff's claims and requires a complete response from Plaintiff." Upon review, the Court finds that the request seeks information that is reasonably calculated to lead to the discovery of admissible evidence and that Plaintiff's answer is insufficient. The Court will grant the motion to compel with respect to this interrogatory.

> **INTERROGATORY NO. 13:** Please state the name, current address, current telephone number(s) and place(s) of employment of each and every physician, physiatrist, psychologist, or other mental health professional who has examined or treated you during the last fifteen (15) years and provide a description of the condition which led to the examination or treatment.
>
> ANSWER: I am now + always have been of sound mind, I have never had any mental problems. God has really blessed me all of my life and I really and truly thank God.

Defendant argues that because Plaintiff "is claiming a significant injury to his right eye, allegedly now including total loss of vision in his right eye, and extensive pain and suffering, Plaintiff's medical and mental histories are important [to] his claims here."

Upon review, the Court finds that the request for the name and contact information for every physician, physiatrist, psychologist, or other mental health professional requests information that is reasonably calculated to lead to the discovery of admissible evidence and, therefore, appropriate. However, the Court finds that the scope of the request, for this information for the last fifteen years, is overly broad and burdensome. The Court will grant the motion to compel to the extent that Plaintiff must provide the requested information during the last **three years**.

> **INTERROGATORY NO. 21:** Describe in detail all other claims you have ever made for personal injury either prior to or subsequent to this accident, and for each claim, please provide the following:
> (a) The style of each action;
> (b) The court and docket number;

(c) The date on which the action was filed; and
(d) The date on which the action was resolved.

ANSWER: As I stated earlier I can't answer any of those questions until I am released on my Writ of Habeas Corpus, I will get documents from the United States Justice Dept. in Washington D.C.

Defendant argues, "Prior and/or subsequent personal injury claims made by Plaintiff are likely [to] be relevant to his personal injury claims herein. At a minimum, the request for such information is calculated to lead to the discovery of relevant evidence and is proportional to the needs of the case."

Upon review, the Court agrees. The interrogatory is appropriate, and Plaintiff must provide an answer. The Court instructs the *pro se* Plaintiff that the interrogatory requests information concerning on claims "made for personal injury," meaning claims he has made for injury to his person, and should have no bearing on any habeas corpus action.

**INTERROGATORY NO. 22:** Please state whether you have ever filed a claim or application seeking disabled social security benefits, supplemental security income or worker's compensation benefits. If so, please set forth:
(a) the date on which you applied for said benefits;
(b) whether or not you were awarded benefits; and
(c) the basis for the award.

ANSWER: The answer to these questions are irrelevant to this case + I am protected by the Constitutional Privacy Act.

Defendant argues that because of the significant eye injury alleged by Plaintiff, "any governmental or insurance claims concerning Plaintiff's disabilities and/or injuries are likely to be relevant to his personal injury claims herein."

Once again, the Court finds that the interrogatory seeks information that is reasonably calculated to lead to the discovery of admissible evidence and that Plaintiff's answer is insufficient. Plaintiff's statement that "the Constitutional Privacy Act" protects this information is erroneous.

4

In addition, Defendant maintains that Plaintiff provided no answer to the following three interrogatories:

> **INTERROGATORY NO. 17:** Please identify each trial exhibit which you anticipate introducing into evidence at the trial of this matter.
>
> **INTERROGATORY NO. 18:** Please state whether you have ever been convicted of a crime, and if so, with respect to each such conviction, please state the date of the conviction, the identity of the court involved, the nature of the crime and the facts which supported your conviction.
>
> **INTERROGATORY NO. 19:** Please state whether you are currently a member of, or have ever been a member of, any social media/networking website, including but not limited to, Facebook, Twitter, LinkedIn, Instagram, Flickr, YouTube, MySpace, Friendster, Bebo, Xanga, Topix, Tumblr, Tinder, eHarmony, Match.com, POF.com, or any other similar website.

Upon review of these interrogatories, the Court agrees with Defendant that each of these requests is reasonably calculated to lead to the discovery of admissible evidence and that Plaintiff must provide answers. As to the request for identification of trial exhibits, the Court instructs the *pro se* Plaintiff that he may identify the exhibits he wishes to produce at trial at this time and may supplement his response at a later date if warranted. Moreover, if the answer to any interrogatory is "no," Plaintiff must say so.

### *Requests for Production of Documents*

Defendant also maintains that Plaintiff produced no documents in response to his twelve requests for production. Defendant argues, "Furthermore, many of his answers indicate that he will not provide medical treatment reports, medical bills, incident reports, trial exhibits, or expert reports until *after* his release from jail." Defendant further states, "If Plaintiff has copies of the records requested, he should be compelled to produce them. If he does not have copies of the records, he should have stated as much in his original responses. Consequently, the only conclusion to be reached is that his responses are incomplete and/or evasive."

5

The Court finds that Plaintiff's failure to provide any documents in response to Defendant's requests for production of documents is improper and will grant Defendant's motion to compel with respect to the requests for production. In addition, both parties are reminded of the following provision in the Court's Scheduling Order (DN 32):[2]

> As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court.** Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court.** A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

*Order*

Accordingly, **IT IS ORDERED** that Defendant's motion to compel (DN 43) is **GRANTED** as set forth above.

**Within 30 days from the entry date of this Memorandum and Order, Plaintiff shall provide responses, or more sufficient responses, to Interrogatory Nos. 4, 8, 13, 17, 18, 19, 21, and 22.** In response to Interrogatory No. 13, Plaintiff provide must provide the name, current address, current telephone number(s) and place(s) of employment of each and every physician, physiatrist, psychologist, or other mental health professional who has examined or treated him during the last **three (3) years** and provide a description of the condition which led to the examination or treatment.

---

[2] The Court will revise the deadlines in the Scheduling Order by separate Order.

**Plaintiff must serve on Defendant these interrogatory answers, and re-serve his original interrogatory answers, and include his signature**. *See* Fed. R. Civ. P. 33(b)(5) ("Signature. The person who makes the answers must sign them . . .").

**Within the same 30 day period, Plaintiff shall also respond to Defendant's requests for production of documents.**

In providing these discovery responses, Plaintiff may raise any valid objections.

Date: May 19, 2017

*[signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.010