# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:16CV-P27-JHM

**CLYDE TINSLEY**                                                         **PLAINTIFF**

**v.**

**HENDERSON COUNTY DETENTION CENTER** *et al.*          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the instant *pro se* 42 U.S.C. § 1983 action. Upon initial screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed some claims but allowed Plaintiff's excessive force claim to continue against Defendant D. Pennaman, a police officer. Plaintiff alleges that Defendant used excessive force against him in the course of his arrest on October 8, 2015. This matter is before the Court on Defendant's motions to dismiss (DNs 55 and 73) pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's repeated failures to comply with the Court's orders.

In the first motion to dismiss (DN 55), Defendant argued that Plaintiff had failed to respond adequately to his discovery requests despite the Court's Memorandum and Order (DN 49) entered on May 19, 2017, granting his motion to compel. That Order directed Plaintiff to provide answers or more sufficient answers to Interrogatory Nos. 4, 8, 13, 17, 18, 19, 21, and 22. Defendant attached to the motion Plaintiff's supplemental answers to interrogatories signed on June 14, 2017. Therein Plaintiff provided answers only to Interrogatory Nos. 4, 21, and 22. Defendant also argued that Plaintiff failed to sign his original answers to interrogatories or to provide any responses to Defendant's requests for production of documents or any written response thereto, despite the Court's specific direction to do so in its Memorandum and Order

granting the motion to compel. Defendant argued, "Plaintiff's failure to provide any documents relevant to his claims has significantly frustrated this Defendant's ability to analyze and, consequently, defend against those claims."

Defendant further maintained, "Given Plaintiff's repeated and blatant failures to meaningfully participate in good faith discovery, all in violation of the Court's explicit orders requiring the opposite, dismissal of his sole remaining claim against this Defendant is warranted." He argues that he "cannot, and should not be required to, defend against claims for which Plaintiff has made it impossible to discover relevant information concerning the same."

The Court entered a Show Cause Order (DN 64) on October 5, 2017, finding Plaintiff had failed to engage in discovery in good faith. In addition to the deficiencies cited by Defendant, the Court found that Plaintiff failed to comply with the Court's Revised Scheduling Order (DN 50), which directed Plaintiff to provide counsel for Defendant any records or documentation relevant to his remaining claims and file a certification that production was complete no later than August 17, 2017; and to file a pretrial memorandum setting forth in detail all facts upon which he bases his claims in this matter against Defendant no later than September 18, 2017. Before dismissing the action, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to engage in discovery in good faith and failure to comply with orders of this Court.

After the entry of that Order, Plaintiff filed seven motions and letters. Three of the filings (DNs 66, 71, and 72) do not even make reference to Defendant or the claims at issue in this case. Instead, they largely make repeated claims of defects in Plaintiff's convictions in Henderson County and Union County Circuit Courts; take issue with the actions of the judges, prosecutors, and his defense attorneys in those cases; challenge the legality of his incarceration; ask for a

2

hearing and immediate release; and seek habeas corpus relief. As the Court explained to Plaintiff in the Memorandum Opinion and Order upon initial review of the original complaint (DN 23), the Memorandum Opinion and Order upon initial review of the amended complaint (DN 31), and the October 5, 2017, Memorandum and Order addressing various motions filed by Plaintiff (DN 65), Plaintiff cannot challenge his state-court criminal proceedings, seek release, or seek habeas relief in the context of this § 1983 action.[1] This action concerns only allegations of excessive force against Defendant.

Four filings after the Show Cause Order do make reference to Defendant. In one (DN 67), Plaintiff states, "I also admit to the District Court that the interrogation questions were answered to Mister D. Pennaman's attorney Mr. Justin Schafer. On or about mid June 2017 Mr. Justin Schafer is not being truthful about the interrogation questions." He asserts, "Mr. Schafer sent me medical questions along with an approval or consent letter that I signed giving him permission to go to my doctor and hospitals to verify medical information." However, Defendant has not maintained that Plaintiff failed to comply entirely with the Memorandum and Order granting his motion to compel. Defendant in fact attached Plaintiff's responses to Interrogatory Nos. 4, 21, and 22 dated June 14, 2017. Defendant has argued, and the Court agrees, that those answers were insufficient as Plaintiff provided no answers to Interrogatory Nos. 8, 13, 17, 18, and 19. Plaintiff states no reason for his failure to respond fully to the Memorandum and Order granting Defendant's motion to compel.

Plaintiff makes reference to Defendant in three other filings after the entry of the Show Cause Order (DNs 68, 69, and 70) but only reiterates his conclusory allegations that Defendant

---

[1] As more fully explained in the Court's previous Memorandum and Order (DN 65), Plaintiff in fact filed a petition for writ of habeas corpus in this Court, *Clyde Tinsley v. Ron Herrington*, Civil Action No. 4:16CV-140-JHM, which was dismissed on April 26, 2017.

used excessive force and unlawfully arrested him. Plaintiff does not respond to the Show Cause Order in any manner or otherwise state that he provided additional discovery responses to Defendant in compliance with the Court's Memorandum and Order granting Defendant's motion to compel.

Defendant filed a second motion to dismiss (DN 73) again arguing that the action should be dismissed based on Plaintiff's continued pattern of bad faith in engaging in discovery and his failure to comply with either the Memorandum and Order granting his motion to compel or the Show Cause Order. Specifically, Defendant maintains that Plaintiff still has not responded to any Requests for Production of Documents in any shape or form; that Plaintiff has not re-served his original discovery responses with his signature; and that Plaintiff has not fully and sufficiently responded to many of the interrogatories that were the subject of the Memorandum and Order granting the motion to compel.

In an additional filing (DN 74) by Plaintiff after Defendant's second motion to dismiss, which the Court construes as a response to the second motion to dismiss, Plaintiff again argues that Defendant's counsel is not being truthful. Plaintiff states, "All of [Defendant's] questions have been answered by mail and at the hearing that we had here at this jail March 6, 2017." While a hearing was not held on March 6, 2017, Defendant did file a notice to take Plaintiff's deposition on that date. However, the Court entered its Order granting Defendant's motion to compel on May 19, 2017, subsequent to the date that Plaintiff maintains that he provided responses, and Plaintiff failed to comply with that Order. Plaintiff attaches no answers to interrogatories or responses to requests for production of documents or otherwise show that he has now complied with the Court's Memorandum and Order granting the motion to compel.

As the Court stated in its Show Cause Order, Plaintiff is required to engage in discovery in accordance with the Federal Rules of Civil Procedure. Moreover, he is required to comply with the orders entered by this Court. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110.

The Sixth Circuit has identified four factors to be considered in determining whether a case should be dismissed under Fed. R. Civ. P. 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Kemp v. Robinson*, 262 F. App'x 687, 690 (6th Cir. 2007) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363) (internal citations omitted). The Sixth Circuit "has expressly distinguished between mere dilatory conduct and bad faith, willfulness, or fault. To fall into the latter category, a plaintiff 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Id.* at 691 (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)).

The Court finds that Plaintiff has shown a clear record of failure to comply with orders of this Court and failure to engage in discovery in good faith, which weighs in favor of dismissal under the first factor outlined in *Kemp*. Plaintiff failed to provide answers to interrogatories and responses to requests for production of documents in blatant disregard for the Court's Memorandum and Order granting the motion to compel. He instead repeated arguments concerning his state court proceedings despite the Court's explicit instruction that he could not seek such relief in this action.

The second and third factors in *Kemp* also warrant dismissal. Defendant has expended time and resources in defending this action. While the Court finds that the prejudice to Defendant at this point may not be significant, funds were nonetheless required to be expended in defending this action, including filing motions addressing Plaintiff's inadequate discovery and reviewing Plaintiff's multiple irrelevant and improper filings. Likewise, the Court put Plaintiff on notice on multiple occasions that failure to comply with court orders may result in the dismissal of his claims. *See* DNs 32, 50, and 64.

The Court finds that the fourth factor also weighs in favor of dismissal since the Court entered a Show Cause Order giving Plaintiff an opportunity to show cause why the case should not be dismissed. Plaintiff failed to respond to it and instead opted to file numerous filings seeking relief which the Court had already deemed improper.

For the foregoing reasons,

**IT IS ORDERED** that the motions to dismiss (DNs 55 and 73) are **GRANTED**. The Court will enter a separate Order of dismissal.

Date:  February 1, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel of record
4414.010